HERZER VS. THE CITY OF MILWAUKEE.

MUNICIPAL CORPORATIONS.    *Waiver of damages for change in grade of street.*

The common council of a city having ordained a change of the grade of numerous streets, in a part of the city in which plaintiff's lots were situate, and having executed the ordinance in part, plaintiff, who was suffering serious special injury from such *partial* execution, in order to relieve

himself from such injury, signed, a petition to the common council to have the street fronting his lots completed according to such grade. *Held*, that this was *not a waiver* of his right to damages for such change of grade.

APPEAL from the Circuit Court for *Sheboygan* County.

Action for damages caused by a change of grade of the street in front of certain lots owned by plaintiff in the defendant city. The facts are undisputed, and are substantially as follows: In 1869, the common council of Milwaukee passed an ordinance changing the grade of the streets surrounding some fifty blocks lying in a compact form adjacent to each other. Block 116, in which the plaintiff owned two lots, was one of these. In 1870, pursuant to such ordinance, the streets bounding block 116 on the north and south, and other streets east of said block, but not adjoining it, were worked to the new grade. Certain owners of lots in that block on both sides of plaintiff's lots voluntarily filled the street bounding the block on the east, in front of their respective lots, to such new grade, without objection by the city authorities. The results were, that the plaintiff had no outlet from his lots by way of the street in front of them without ascending an abrupt grade four feet high; and a certain natural outlet for surface water from adjacent high grounds to the river was obstructed, so that such water collected and remained upon the plaintiff's lots. Such being the condition of the grade and of his lots, the plaintiff, in 1871, at the request of a member of the board of public works of the city, and of his neighbors, signed a petition to the common council that the street on which his lots fronted be graded for the distance of three blocks, including the portion thereof in front of his lots, to the grade established in 1869. Several other resident owners of lots abutting on the proposed improvement also signed such petition, and the street was graded in accordance therewith.

The damages for which the action was brought were caused by such grading.

The court refused to charge the jury, as requested by the defendant, that, by signing such petition, plaintiff waived his claim for damages; and plaintiff had a verdict and judgment for the amount of damages which it was admitted he had sustained by reason of the change of grade. Defendant appealed from the judgment.

*L. S. Dixon*, for appellant:

Whether a petition was essential in altering the established grade of the street, or not, the act of the plaintiff in signing it was voluntary, and he will not be heard to allege that he has suffered injury. Broom's Leg. Max., 268; *Harrup v. Bayley*, 6 E. & B., 224; 88 E. C. L., 218, 224; *Ferguson v. Landram*, 1 Bush, 548, 565; 5 id., 230; *Wild v. Deig*, 43 Ind., 455; *State v. Hudson City*, 34 N. J. Law, 25, 541; *Burlington v. Gilbert*, 31 Iowa, 356; *Van Hook v. Whitlock*, 26 Wend., 43; *Karber v. Nellis*, 22 Wis., 215; *Sexsmith v. Smith*, 32 id., 299, and cases there cited; Laws of 1874, ch. 184, sub-ch. VII, sec. 8.

*James G. Jenkins*, for respondent:

1. The charter of the city provides for the payment of all damages arising from the alteration of an established grade; and the ordinance under which this improvement was made, inevitably carried with it, as a part thereof, this provision of the charter, and entitled the plaintiff to his damages. 2. The damage to the plaintiff's lots was not in consequence of the petition, but had accrued prior thereto, by reason of the changed grades in front of adjoining lots on both sides. *Columbus v. Hydraulic Co.*, 33 Ind., 435. 3. To petition for the execution of the ordinance, which was passed without plaintiff's consent, and partly carried out, was simply saying that, considered as a whole with all its incidents and legal consequences, including the liability for damages, the act was right and proper and a desirable public measure; and did not in volve in its consequences a release by the petitioner of all claim for damages. 4. The petition was not voluntary.

The plaintiff was already suffering injury from the partial execution of the ordinance, and the object of the petition was to prevent further injury. Obtained under such circumstances, it cannot be tortured into a release of the statutory damages. Broom's Leg. Max., 202, 208.

LYON, J. The only question to be determined on this appeal is, Does the signing of the petition, by the plaintiff, to have the street in front of his lots worked to the grade of 1869, operate as a waiver of his right to recover damages for the injury to his lots caused by such grade? We think this question must be determined in the negative. The maxim, *volenti non fit injuria*, which is invoked to defeat a recovery of such damages, is not applicable, because, under the circumstances of the case, such signing cannot, in any just sense, be said to be a willing or voluntary act. 1 Story's Eq. Jur., § 302. And herein lies the distinction between this case and the cases cited by the learned counsel for the appellant, in which the maxim has been held applicable. It is believed that in each of them the act which was held to operate as an estoppel was purely a voluntary act.

The plaintiff was suffering serious special injury by reason of the partial execution of the grade which the city authorities had established without his consent, and it would be simply monstrous to hold that he could not ask the city to relieve him from such injury by completing the grade in front of his lots, or ordering it to be done, without thereby waiving or surrendering his right to recover the damages caused by the change of grade. The above maxim cannot properly be made the instrument of such injustice. How the case would have stood had the plaintiff petitioned the council in the first instance to establish the grade of 1869, or to *commence* work upon the new grade, we do not here determine. We only decide that under the undisputed facts of the case, as disclosed by the record, the plaintiff, by signing the petition, did not

waive his right to damages for the injury to his lots caused by working the street in front of them to the grade established in 1869.

*By the Court.* — Judgment affirmed.